UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HECTOR AYON, | ) | CASE NO. 4:11 CV 1010 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| NEOCC, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Hector Ayon filed this *Bivens*[1] action against the Northeast Ohio Correctional Center ("NEOCC"), and NEOCC Warden Roddie Rushing. He also asserted a claim under the Federal Torts Claim Act (FTCA), 28 U.S.C. § 1346(b)(1) against the United States.[2] In the Complaint, Plaintiff alleges Defendants allowed tear gas from an outdoor training exercise to seep into his housing unit. He seeks monetary damages.

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). While plaintiff cites 42 U.S.C. § 1983, there is no allegation of action under color of state law. Plaintiff is a federal prisoner, in the custody of the Bureau of Prisons. *Bivens* provides federal inmates and detainees with a cause of action analogous to § 1983.

[2] Plaintiff attaches a Complaint against the United States to his Complaint against NEOCC and Warden Rushing. The Court liberally construes this action as asserted against the United States, NEOCC, and Warden Rushing.

## I. Background

Plaintiff is a federal inmate incarcerated at NEOCC, a private prison owned and operated by Corrections Corporation of America ("CCA"). He alleges the prison's SWAT team was conducting training exercises on the roof of the prison between 3:00 a.m. and 5:00 a.m. on September 23, 2010. At some point in the training, the officers discharged tear gas. As they continued their activities, the gas began to seep through the ventilation system into the housing units where the inmates were sleeping. Plaintiff awoke to find he was having difficulty breathing. He attempted to open his cell door, but found it locked. Although the inmates were evacuated to the sally port area, several officers argued that they should be returned to their cells. He alleges that one of the officers was taken to the hospital for treatment. He filed grievances; however, all of them were denied. He claims the Defendants were negligent in their use of tear gas, denied him due process, and subjected him to cruel and unusual punishment.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v.*

2

*Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

A. Federal Tort Claims Act

Plaintiff first seeks relief against the United States under the Federal Tort Claims Act ("FTCA"). The FTCA waives the United States Government's sovereign immunity for the negligent acts of government employees. 28 U.S.C. § 1346(b)(1); *see Montez v. United States*, 359 F.3d 392, 395 (6th Cir.2004). The statute defines "government employees" as "officers and employees of any federal agency." 28 U.S.C. 2671. The definition does not include independent contractors such as CCA, or the employees of the independent contractors. *See United States v. Orleans*, 425 U.S. 807, 813-14 (1976). The actions that give rise to Plaintiff's tort claim were committed by employees of CCA. Consequently, the United States is not liable under the FTCA for these acts.

B. *Bivens* Claims against NEOCC

3

NEOCC also is not a proper party to a *Bivens* action.  It is a prison facility owned and operated by CCA, a private corporation.  A private corporation cannot be sued for damages under *Bivens*. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70-74 (2001). *Bivens* provides a cause of action against individual officers acting under color of federal law alleged to have acted unconstitutionally. *Id.* at 70.  *Bivens* claims cannot be brought against a federal prison, the Bureau of Prisons, or the United States Government. *Id*.  The Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation.

B.  Due Process

Plaintiff next claims he was denied due process.  This assertion is not well pled and can be construed in two ways.  First, it is possible that Plaintiff is asserting he was denied due process when his grievances were denied.  It is also possible, however, that he is claiming the actions of the SWAT team were so egregious that they denied him substantive due process.  The Court will examine both of these claims.

To the extent Plaintiff asserts he was denied due process because his grievances were denied, his claim is without merit.  Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability in a civil rights action. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).

To the extent Plaintiff is claiming he was denied substantive due process, he fails to state a claim upon which relief can be granted.  Under the doctrine of substantive due process, various portions of the Bill of Rights have been incorporated into the Fourteenth Amendment's limits on the power of the states as being "implicit in the concept of ordered liberty." *Palko v. Connecticut*, 302 U.S. 319, 325 (1937). Due process claims of this nature involve official acts which cause a

4

deprivation of a substantive right specified in the Constitution or a federal statute. *Mertik v. Blalock*, 983 F.2d 1353,1367 (6th Cir. 1993). In addition, under substantive due process, courts have invalidated laws or actions of government officials that "shock the conscience." *See United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a state agent. *Id.* at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.*

Consistent with this principle, simple negligence will not support a substantive due process violation. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) ("At a minimum, the standard requires a showing beyond mere negligence."). Generally, Fourteenth Amendment liability will attach to "conduct intended to injure in some way unjustifiable by any governmental interest." *Id.* at 849; *Sperle v. Michigan Dept. of Corrections*, 297 F.3d 483, 491 (6th Cir. 2002). Plaintiff alleges the Defendants were negligent in their use of tear gas and did not anticipate that it might seep into the housing units through the ventilation system. This allegation does not reasonably suggest the actions of the Defendants were such an abuse of authority that they exceeded the bounds of ordinary tort law and rose to the level of Constitutional violation.

C. <u>Eighth Amendment</u>

Finally, Plaintiff asserts an Eighth Amendment claim based on his exposure to the tear gas. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities."

*Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Although exposure to tear gas arguably satisfies the objective component, Plaintiff has not demonstrated that the Defendants acted with the requisite mental state for an Eighth Amendment claim. Plaintiff claims the SWAT officers were negligent in allowing the tear gas to seep into the housing units through the ventilation system. To state a claim for relief for cruel and unusual punishment, Plaintiff must show that prison officials acted with deliberate indifference to deprive him of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of

6

serious harm. *Id.* at 837. Mere negligence will not suffice. *Id.* at 835-36. Negligent exposure to tear gas does not satisfy the subjective element of an Eighth Amendment claim.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

\_\_\_10/31/2011_____  \_\_/s/ John R. Adams_____
DATE    JOHN R. ADAMS
    UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.